UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MARCO SANTIAGO,

            Plaintiff,

   v.

BARRY WILKINSON et al.,

            Defendants.

CASE NO. 3:20-CV-05538-RSL-DWC

ORDER

The District Court has referred this 42 U.S.C. § 1983 action filed by Plaintiff to United States Magistrate Judge David W. Christel. Before the Court are two motions: Plaintiff's Motion for Reconsideration of the Court's Order to Seal Discovery (Dkt. 38, "Motion for Reconsideration") and Defendants' Amended Motion to Strike Motion to Seal and Supporting Declaration of Marco Santiago) (Dkt. 46, "Motion to Strike").

The Court denies the Motion for Reconsideration (Dkt. 38) as moot. The Motion to Strike is granted in part and denied in part (Dkt. 46).

ORDER - 1

**1. Motion for Reconsideration (Dkt. 38)**

Plaintiff seeks reconsideration of the Court's November 5, 2020 Order which directed the pages if *How to Train Your Devil* (Dkt. 32, Exhibit 1; hereinafter "Exhibit 1") remain sealed. Dkt. 36. Plaintiff argues the Court should allow Plaintiff to review the sealed evidence with a prison counselor or other staff member. Dkt. 38.

On November 12, 2020, the Court ordered Defendants to respond to Plaintiff's Motion for Reconsideration. Dkt. 39. Following receipt of the Court's November 12, 2020 Order, counsel for Defendants coordinated with the Legal Liaison at Stafford Creek Correctional Center ("SCCC") to facilitate Plaintiff's viewing of Exhibit 1. Dkt. 43. On November 16, Plaintiff viewed the Exhibit 1 with Corrections Counselor Paul Nelson for approximately 45 minutes. Dkt. 43; Dkt. 44 (Declaration of Sarah Brisbin). In Reply, Plaintiff acknowledges Plaintiff viewed all twenty pages of sealed discovery (Exhibit 1) on November 13, 2020 and November 16, 2020.[1] Dkt. 48 at 7-8.

Plaintiff has now been provided with an opportunity to review Exhibit 1. *See* Dkt. 43, 44, 48. Because any relief sought in the Motion for Reconsideration has been provided, the Court denies the Motion for Reconsideration as moot. *See Burnett v. Lampert,* 432 F.3d 996, 999 (9th Cir. 2005) (As the Supreme Court has explained, the doctrine of mootness requires "the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'") (quoting *Spencer v. Kemna,* 523 U.S. 1, 7 (1998)); *Zahler v. McCarthy,* 2009 WL 2604650, at *1 (E.D. Wash. Aug. 20, 2009) (denying

---

[1] Plaintiff's Motion for Reconsideration and Reply repeatedly contest the merits of the underlying case. *See* Dkt. 38, 48. However, a ruling on Plaintiff's Motion for Reconsideration, or Defendants' Motion to Seal, does not affect a ruling on the merits which will be addressed in a separately filed report and recommendation on the parties' cross-Motions for Summary Judgment, which are currently noted for the Court's consideration on January 11, 2021. *See* Dkt. 19, 29, 39.

motion for reconsideration as moot because the remedy plaintiff sought was already given to him).

**2.  Motion to Strike (Dkt. 46)**

Defendants move for the Court to strike Plaintiff's Surreply and two Declarations (Dkts. 40, 41 (Declaration), 42 (Second Declaration)). Dkt. 46.

*A.  Surreply and Declaration (Dkt. 40, 41)*

On November 20, 2020, Plaintiff filed a Surreply and Declaration without leave of Court. Dkt. 40, 41. Defendants move for the Court to strike Plaintiff's Surreply and Declaration (Dkt. 40, 41). Dkt. 46.

Pursuant to Local Rule CR 7(g)(2), surreplies are limited to requests to strike material contained in or attached to a reply brief. "Extraneous argument or a surreply filed for any other reason will not be considered." *Id*; *see also Herrnandez v. Stryker Corp.*, 2015 WL 11714363, at *2 (W.D. Wash. Mar. 13, 2015).

Plaintiff does not request to strike material contained in Defendants' Reply; rather, Plaintiff provides additional argument. *See* Dkt. 40, 41. Therefore, the Court grants Defendants' Motion to Strike and directs the Clerk to strike Plaintiff's Surreply and Declaration (Dkt. 40, 41). The Court will not consider docket entries 40 and 41 when ruling on the parties Cross-Motions for Summary Judgment (Dkt. 19, 29). Because the Court strikes the Surreply and Declaration, the Court need not address Defendants argument the Declaration (Dkt. 41) was improperly filed under seal.

*B. Second Declaration filed under Seal (Dkt. 42)*

On November 23, 2020, Plaintiff filed a Second Declaration under seal in support of the Motion for Reconsideration (Dkt. 38). Dkt. 42. Defendants move for the Court to strike the Second Declaration as Plaintiff did not cite a statute, rule or prior Court order authorizing filing under seal. Dkt. 46 at 3.

Plaintiff's Second Declaration contains 28 pages of exhibits which Plaintiff filed in support of Plaintiff's Motion for Reconsideration. Dkt. 42. The Second Declaration and attached exhibits were *sua sponte* filed under seal by the Court due to the sexually explicit nature of the attachments. *See id. See* LCR 5(g); Fed. R. Civ.P 5(e) (authorizing the court, for good cause, to enter a protective order to redact information or limit or prohibit a non-party's access to a document); *San Ramon Reg'l Med. Ctr., Inc. v. Principal Life Ins. Co.,* 2011 WL 89931, at *1 (N.D. Cal. Jan. 10, 2011) (sua sponte sealing confidential medical information which outweighed any necessity for disclosure); *Self v. Horel,* 2008 WL 4774457, at *3 (N.D. Cal. Oct. 30, 2008) (granting motion to seal sexually explicit material containing frontal nudity and depictions of male and female genitalia).

As an initial matter, in light of the Court's finding the Motion for Reconsideration (Dkt. 38) is moot, Defendants' Motion to Strike the Second Declaration (Dkt. 42) filed in support of the Motion for Reconsideration also appears to be moot as well. Moreover, pursuant to Federal Rule of Civil Procedure 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Plaintiff's Second Declaration (Dkt. 42) does not appear to meet any of the aforementioned criteria. To the extent the Second Declaration (Dkt. 42) can be construed as scandalous matter due to its sexually explicit nature,

the Court has *sua sponte* ordered the Second Declaration (Dkt. 42) be sealed, and Defendants do not move for the Court to unseal the Second Declaration (Dkt. 42).

Therefore, the Court will not strike the Second Declaration (Dkt. 42) and the filing will remain sealed. Defendants' Motion to Strike with respect to the Second Declaration (Dkt. 42) is denied.

Dated this 21 day of December, 2020.

David W. Christel
United States Magistrate Judge