UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MARCO SANTIAGO,

              Plaintiff,

    v.

BARRY WILKINSON, et al.,

              Defendants.

CASE NO. 3:20-CV-5538-RSL-DWC

ORDER

The District Court has referred this action, filed pursuant to 42 U.S.C. § 1983, to United States Magistrate Judge David W. Christel. Presently before the Court are the following motions: (1) Plaintiff's[1] Motion to Dismiss (Dkt. 51) and Plaintiff's Motion for Contempt/Compel (Dkt. 54). Also pending are the parties' Cross-Motions for Summary Judgment: (1) Plaintiff's Motion for Summary judgment (Dkt. 19) and (2) Defendants' Response/Cross-Motion for Summary Judgment (Dkt. 29) (hereinafter "Cross-Motions").

---

[1] Plaintiff is transgender and uses she/her pronouns. *See* Dkt. 5, Dkt. 28 at fn. 1.

ORDER - 1

## MOTION TO DISMISS

On January 6, 2021, Plaintiff filed a Motion to Dismiss seeking to voluntarily dismiss this case. Dkt. 51. On January 27, 2021, Plaintiff filed a Reply asking the Court to withdraw the Motion to Dismiss. Dkt. 56. Defendants do not object. *See* Dkt. 58. Plaintiff's request to withdraw the Motion to Dismiss is granted, and the Court will deem the Motion to Dismiss as withdrawn. The Clerk of Court is directed to terminate the Motion to Dismiss (Dkt. 51) as a pending motion.

## MOTION FOR CONTEMPT/COMPEL

On September 21, 2020, Plaintiff filed a Motion for Summary Judgment. Dkt. 19. On October 16, 2020, Defendants filed a Response/Cross-Motion for Summary Judgment.[2] Dkt. 29. On January 22, 2021, Plaintiff filed the Motion for Contempt/Compel asking the Court to hold Defendants in contempt of Court for intentionally lying about the impact of sexually explicit material in Department of Corrections ("DOC") facilities. Dkt. 54. Plaintiff also seeks to compel defendants to produce documents. Dkt. 54.

With respect to Plaintiff's argument Defendants should be held in contempt of court for intentionally lying about the impact of sexually explicit material in Department of Corrections facilities, a court may sanction a party for failing to obey a discovery order and may treat the failure as contempt of court. Fed. R. Civ. P. 37(b)(2)(A)(vii). Civil contempt "consists of a party's disobedience to a specific and definite court order by failure to take all reasonable steps within the party's power to comply." *In re Dual–Deck Video Cassette Recorder Antitrust Litig.,* 10 F.3d 693, 695 (9th Cir. 1993).

---

[2] After an extension, the Cross-Motions (Dkt. 19, 29) were re-noted for February 12, 2021 in order to be considered along with the Motion for Contempt/Compel (Dkt. 54). *See* Dkt. 57 (minute order).

1       Plaintiff contests the accuracy of five statements from the Declaration of Tracy

2 Schneider, which are provided in Defendants' Response/Cross-Motion for Summary Judgment.

3 Dkt. 54; *See also* Dkt. 29 at 2-5; Dkt. 31. However, such arguments are related to purported

4 issues of fact and do not establish Defendants violated a Court order. *See Gifford v. Heckler*, 741

5 F.2d 263, 265 (9th Cir. 1984) ("A district court has the power to adjudge in civil contempt any

6 person who willfully disobeys a specific and definite order of the court."). Therefore, Plaintiff's

7 request to hold Defendants in contempt of court is denied.

8       With respect to Plaintiff's request to compel discovery responses, Plaintiff argues

9 Defendants have not responded to discovery requests. Dkt. 54, 60. Pursuant to Federal Rule of

10 Civil Procedure 37(a)(1):

> . . . On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

14     Plaintiff acknowledges there was no meet and confer with Defendants prior to filing the

15 Motion for Contempt/Compel. Dkt. 54, 60 (Plaintiff did not provide a certification that he

16 conferred with Defendants' counsel or attach any documentation showing he requested a meet

17 and confer with Defendants' counsel.). In addition, Defendants' counsel filed a Declaration

18 stating Plaintiff has not communicated with counsel to meet and confer regarding any discovery

19 materials. Dkt. 54, 58, 59 (Declaration of Counsel, Sarah Brisbin).

20     Furthermore, Defendants contend Plaintiff never served any discovery requests. Dkt. 58,

21 Dkt. 59 at 1. In the Reply, Plaintiff argues the law library was closed due to COVID-19, and

22 Plaintiff was not able to "keep abreast of what is required by Court rule" or meet and confer with

23 Defendants. Dkt. 60. As Plaintiff has not complied with Rule 37, Plaintiff's request to compel

24 discovery responses (Dkt. 54) is denied without prejudice.

ORDER - 3

1    With respect to Plaintiff's arguments in the Motion for Contempt/Compel attempting to
2 dispute issues of fact, Plaintiff presents additional argument in response to Defendants' Cross-
3 Motion. *See* Dkt. 54. Thus, although Plaintiff has already responded to Defendants' Cross-
4 Motion, *see* Dkt. 35, the Court finds it appropriate to allow Plaintiff additional time to file a
5 supplemental response to Defendants Cross-Motion.[3] Plaintiff's supplemental response is due on
6 or before April 2, 2021. Defendants may file a supplemental reply on or before April 9, 2021.

7    Upon consideration of the Cross-Motions, the Court will only consider the Complaint, the
8 Cross-Motions, the parties' original Responses and Replies, and the Plaintiff's supplemental
9 response and Defendants' supplemental reply. The Court will not consider any pleadings or
10 briefs not directly related to the Cross-Motions. Because the Cross-Motions have been pending
11 for several months, no further extensions of time will be granted.

12    Dated this 11th day of March, 2021.

David W. Christel
United States Magistrate Judge

---

[3] As outlined in the Court's Pretrial Scheduling Order, the deadline to complete discovery was February 24, 2021, motions to compel discovery were due by March 3, 2021, and dispositive motions are due March 17, 2021. *See* Dkt. 15. Neither party has sought an extension, and these deadlines remain in full force and effect.