UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MARCO SANTIAGO,

                Plaintiff,

v.

BARRY WILKINSON, et al.,

                Defendants.

No. 3:20-CV-5538-RSL-DWC

**ORDER ADOPTING REPORT AND RECOMMENDATION**

The Court, having reviewed the Report and Recommendation of Magistrate Judge David W. Christel, objections to the Report and Recommendation, if any, and the remaining record, does hereby find and ORDER:

(1)     The Court adopts the Report and Recommendation with the following modifications:

    a.     At page 6, line 6, replace "(per curium)" with "(per curiam)".

    b.     At page 8, after line 20 and before line 21, insert the following:

While "an inmate could marshal scientific studies or record evidence to 'refute an apparently obvious' connection," Frost, 197 F.3d at 356, the evidence plaintiff relies on fails to refute the connection here. Plaintiff cites her public records request for records concerning verbal sexual assaults against DOC employees or contract staff involving an offender in possession of content defined in WAC 137-48-020, to which DOC located no responsive records. Although plaintiff believes this shows that DOC employees/contract staff have not been negatively impacted by this content in the last 15 years, Dkt. 19 at 7, 10, the Court disagrees. Plaintiff's public records request was limited to records that led to criminal charges being filed against the offender. Dkt. 20 at 365–67. Bad behavior, even where it does not lead to criminal charges, can still interfere with legitimate penological interests. Additionally, prison officials need not prove that the prohibited material caused problems in the past or that it is likely to cause problems in the future. There must simply

ORDER ADOPTING REPORT AND RECOMMENDATION- 1

        be a rational relationship between the regulation and the legitimate penological interest. <u>Mauro</u>, 188 F. 3d at 1060.

    c.  At page 10, replace lines 4–13 with the following:

        Plaintiff makes various arguments regarding this factor: (1) that defendants have not offered evidence of negative impact, (2) that DOC has a policy prohibiting inmates from borrowing, lending, trading, selling or giving property to another inmate, (3) that a book "intended for minors" will not negatively impact DOC, Dkt. 19 at 10, and (4) that the content the DOC is complaining about is "already wide-spread throughout facilities by their own approval process, and without recorded problems," Dkt. 35 at 6. The Court takes these arguments in turn.

        First, as discussed above, defendants need not prove past incidents of sexually explicit materials inciting bad behavior, and plaintiff's public records request evidence has not refuted the connection here. Second, while DOC may prohibit inmates from transferring their property to others, inmates may disregard that policy, and even inmates committed to abiding by the policy could be the targets of theft. Third, the Court finds that one publisher's opinion of what teens should be reading is irrelevant to whether the material in question meets the statutory definition of sexually explicit material. Fourth, prison administrators may draw distinctions between publications on the basis of their potential implications for prison security, <u>Thornburgh</u>, 490 U.S. at 415, and the mere fact that some similar, less problematic publications have been approved does not undermine defendants' concern regarding the ripple effect of permitting access to sexually explicit materials.

    d.  At page 11, line 8, replace "*Turner*, 482 U.S. at 90-91 (also finding "if a claimant can point to an alternative that fully . . ." with "*Turner*, 482 U.S. at 91 (also finding "if an inmate claimant can point to an alternative that fully . . ."

    e.  At page 13, line 1, replace "*Marina Islands*" with "*Mariana Islands*."

(2)  Defendants' Motion for Summary Judgment (Dkt. 29) is granted, and Plaintiff's Motion for Summary Judgment (Dkt. 19) is denied. Plaintiff's claims are dismissed with prejudice.

(3)  The Clerk is directed to send copies of this Order to Plaintiff, counsel for Defendants, and to the Hon. David W. Christel.

ORDER ADOPTING REPORT AND RECOMMENDATION- 2

1     **DATED** this 16th day of August, 2021.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER ADOPTING REPORT AND RECOMMENDATION- 3